IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division



| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:24-CR-41 (DJN) |
| v. | |
| MUHAMMAD PAHLAWAN,<br>(Counts 1 – 8) | Conspiracy to Provide Material Support or Resources to<br>Terrorists, Resulting in Death<br>18 U.S.C. §§ 2339A<br>(Count 1) |
| MAZHAR MOHAMMAD,<br>(Count 9) | Providing Material Support or Resources to Terrorists,<br>Resulting in Death<br>18 U.S.C. §§ 2, 2339A<br>(Count 2) |
| GHUFRUN ULLAH,<br>(Counts 10 – 11) | |
| IZHAR MUHAMMAD,<br>(Count 12) | Participating in Weapons of Mass Destruction Threats to the<br>United States<br>18 U.S.C. §§ 2, 832(a), (b)<br>(Counts 3 – 4) |
| SHAHAB MIR'KAZEI, and<br>a/k/a SHAHAB REGI<br>(Count 1 – 5) | Conspiring to Commit Violence Against Maritime Navigation<br>and Maritime Transport Involving Weapons of Mass<br>Destruction, Resulting in Death<br>18 U.S.C. §§ 2280a(a)(1)(B)(i), (b)(1)(B), (b)(1)(C)<br>(Count 5) |
| YUNUS MIR'KAZEI,<br>(Count 1 – 5) | |
| *Defendants.* | Committing Violence Against Maritime Navigation and<br>Maritime Transport Involving Weapons of Mass Destruction,<br>Resulting in Death<br>18 U.S.C. §§ 2280a(a)(1)(B)(i), (b)(1)(B), (b)(1)(C)<br>(Count 6) |
| | Witness Tampering Through Intimidation or Threat<br>18 U.S.C. § 1512(b)(3)<br>(Count 7) |
| | Providing Materially False Information to a Federal Law<br>Enforcement Officer During a Boarding of a Vessel<br>18 U.S.C. § 2237(a)(2)(B)<br>(Counts 8 – 12) |

## SUPERSEDING INDICTMENT

### August 2024 Term – at Richmond, Virginia

THE GRAND JURY CHARGES THAT:

GENERAL ALLEGATIONS

At all times material to this indictment:

1.      On or about January 11, 2024, United States Central Command Navy forces, including Navy SEALs and members of the Coast Guard Maritime Safety and Security Team (the "Boarding Team"), were operating in the Arabian Sea.  That evening, the Boarding Team conducted an authorized flag verification in international waters of a non-United States maritime vessel, a dhow, named the "Yunus."  On board the dhow, the Boarding Team discovered no flag indicating nationality and fourteen crewmembers, including dhow captain MUHAMMAD PAHLAWAN.  Hidden in the net hold of PAHLAWAN's dhow was Iranian-made advanced conventional weaponry, including a warhead and propulsion and guidance components for medium-range ballistic missiles and anti-ship cruise missiles.  During the interdiction, PAHLAWAN threatened other crewmembers to lie to the Boarding Team and ultimately lied himself about his role as the captain and other material facts.  Two Navy SEALs on the Boarding Team, C.C. and N.I., went overboard and died during the interdiction.

2.      PAHLAWAN's January 2024 trip was part of a larger operation.  From in or around August 2023 through in or around January 2024, PAHLAWAN worked with two Iranian brothers, SHAHAB MIR'KAZEI and YUNUS MIR'KAZEI, who supported Iran and Iran's Islamic Revolutionary Guard Corps ("IRGC") to smuggle materials from Iran to other recipients including the Houthi rebel forces in Yemen.  During the relevant timeframe, PAHLAWAN completed multiple smuggling voyages, coordinated and funded by SHAHAB and YUNUS, by traveling with cargo from Iran to the coast of Somalia and transporting that cargo to another dhow for a ship-to-

2

ship transfer. During the January 2024 trip, PAHLAWAN departed Iran and travelled toward the coast of Somalia with the advanced conventional weaponry until United States forces stopped him and seized the weaponry.

*The Defendants and Coconspirators*

3.      The defendant, MUHAMMAD PAHLAWAN ("PAHLAWAN") is a Pakistani citizen who worked in Iran and elsewhere as the captain of a vessel, called a dhow, named the "Yunus."

4.      The defendant SHAHAB MIR'KAZEI ("SHAHAB") is an Iranian citizen who worked in Iran for the Islamic Revolutionary Guard Corps and was the owner of the "Yunus" and PAHLAWAN's boss.

5.      The defendant YUNUS MIR'KAZEI ("YUNUS") is an Iranian citizen who worked in Iran for the Islamic Revolutionary Guard Corps and worked as PAHLAWAN's boss. YUNUS is SHAHAB's brother.

6.      The defendant MAZHAR MOHAMMAD ("MAZHAR") is a Pakistani citizen who worked in Iran and elsewhere as a crewmember of the Yunus. MAZHAR is PAHLAWAN's brother.

7.      The defendant GHUFRUN ULLAH ("ULLAH") is a Pakistani citizen who worked in Iran and elsewhere as a crewmember of the Yunus.

8.      The defendant IZHAR MUHAMMAD ("IZHAR") is a Pakistani citizen who worked in Iran and elsewhere as a crewmember of the Yunus.

*Iran, the Islamic Revolutionary Guard Corps, Hamas, and the Houthis*

9.      *Iran.* The Country of Iran is a State Sponsor of Terrorism, as designated under Section 6(j) of the Export Administration Act of 1979 or Section 620A of the Foreign Assistance Act of 1961.

10.      *The IRGC.* The Islamic Revolutionary Guard Corps is a foreign terrorist organization as designated by the United States Secretary of State pursuant to Section 219 of the Immigration and Nationality Act.

11.      The IRGC is an Iranian military and counterintelligence agency under the authority of Iran's Supreme Leader, Ayatollah Ali Khamenei, and is composed of ground, naval, and air forces, as well as other components—including the IRGC Qods Force ("IRGC-QF"). The IRGC-QF is the IRGC's external operations force and is the Government of Iran's primary arm for executing its policy of supporting terrorist and insurgent groups, including Hamas. The IRGC-QF provides materials, logistical assistance, training, and financial support to militias and terrorist operatives throughout the Middle East and South Asia. The Government of Iran and its IRGC are among the principal supporters of various groups including both Hamas and the Houthi rebel forces in Yemen, providing significant financing, military training, military supplies and weapons, and diplomatic support.

12.      *Hamas.* On October 8, 1997, the United States Secretary of State designated Hamas as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act. On October 31, 2001, the Secretary of State also designated Hamas as a Specially Designated Global Terrorist under Executive Order 13224. The Secretary of State has also listed the following aliases for HAMAS: Islamic Resistance Movement, Harakat al-Muqawama al-Islamiya, Students of Ayyash, Students of the Engineer, Yahya Ayyash Units, Izz Al-Din Al-

Qassim Brigades, Izz Al-Din Al- Qassim Forces, Izz Al-Din Al-Qassim Battalions, Izz al-Din Al Qassam Brigades, Izz al-Din Al Qassam Forces, and Izz al-Din Al Qassam Battalions. To date, HAMAS remains a designated FTO. HAMAS, and its military wing, the Izz al- Din al-Qassam Brigades, have claimed responsibility for numerous mass-casualty terrorist attacks perpetrated in Israel, the West Bank, and the Gaza Strip.

13.     ***Houthi Rebel Forces.*** Houthi rebel forces, also known as "Ansarallah," were designated by the United States Department of State as a foreign terrorist organization in Yemen in January 2021. In February 2021, the Houthis were de-designated as a foreign terrorist organization. On January 17, 2024, the United States Department of State designated the Houthis as a Specially Designated Global Terrorist group, effective on February 16, 2024.

*The Hamas Attack on Israel on October 7, 2023*

14.     On or about October 7, 2023, Hamas breached the border between the Gaza Strip and Israel, infiltrated Israel, and launched a wave of attacks on civilians, by land, sea, and air. The Hamas terrorists entered Israel through at least seven locations and invaded several Israeli communities and military bases. Hundreds of civilians, including numerous Americans and Israeli soldiers, were killed and wounded; others, including Americans, were kidnapped, taken hostage, and brought into Gaza by Hamas.

*Iran-Backed Houthi Rebel Forces Attacks*

15.     Beginning soon after the October 7 attack on Israel and continuing through the present, Houthi rebel forces have engaged in numerous maritime attacks on United States and allied military and commercial vessels throughout a critical global transportation route in the Red Sea. The Houthis have repeatedly used Iranian weaponry in these attacks. The Houthi rebel forces

have made clear their attacks are to deter Israel from responding to the October 7 attack and to punish anyone who supports Israel, including the United States.

*The Scheme to Smuggle Weapons and Resources from Iran and the IRGC to the Houthis*

16.     Beginning in September 2023, PAHLAWAN began identifying himself to others as the captain of a dhow.  That dhow was named the "Yunus."

17.     In or about August 2023 through in or about October 2023, PAHLAWAN worked with SHAHAB to prepare the dhow for smuggling voyages, including by obtaining and having installed new equipment for the dhow.

18.     In or about August 2023, SHAHAB paid PAHLAWAN approximately 100 million Iranian Rials from a bank account in SHAHAB's name.

19.     Throughout September and October 2023, PAHLAWAN arranged for hawaladars to engage in hawala services to receive payments from SHAHAB and YUNUS in Iran and distribute the money to PAHLAWAN's family and others in Pakistan.

20.     On or about October 26, 2023, YUNUS paid PAHLAWAN through hawala services approximately 800 million Iranian Rials from a bank account in SHAHAB's name.

21.     On or about October 28, 2023, PAHLAWAN left the area of Chabahar Bay, Iran on the dhow and travelled south toward the coast of Somalia.

22.     On or about November 11, 2023, PAHLAWAN steered, or ordered that a crewmember steer, the dhow to or near a specific latitude and longitude that was provided to him via satellite phone and that corresponded to a location off the coast of Somalia.

23.     On or about November 11, 2023, PAHLAWAN and his crew conducted a ship-to-ship transfer of the cargo he smuggled to another vessel off the coast of Somalia.

6

24.     Between on or about November 23, 2023, and November 29, 2023, PAHLAWAN worked with SHAHAB and YUNUS to equip and prepare the dhow for a second smuggling voyage.

25.     On or about November 25, 2023, PAHLAWAN recruited individuals to work as crewmembers on his dhow for an upcoming smuggling voyage.

26.     Between on or about November 24, 2023, and on or about November 27, 2023, PAHLAWAN communicated with SHAHAB about payments for repairs to the dhow and payments to PAHLAWAN and his crew for an upcoming smuggling voyage.

27.     On or about November 26, 2023, YUNUS paid PAHLAWAN through hawala services approximately 300 million Iranian Riyals from a bank account in SHAHAB's name.

28.     On or about November 28, 2023, PAHLAWAN steered, or ordered that a crewmember steer, the dhow from Konarak, Iran to Chabahar Port, Iran.

29.     On or about November 28, 2023, PAHLAWAN instructed the crew to load multiple bags of cargo into the net hold, among other areas, of the dhow.

30.     On or about November 29, 2023, PAHLAWAN left the area of Chabahar Bay, Iran on the dhow with the loaded cargo and travelled south toward the coast of Somalia.

31.     Between on or about November 29, 2023, and on or about December 5, 2023, PAHLAWAN steered, or ordered that a crewmember steer, the dhow to a specific location off the coast of Somalia for another ship-to-ship transfer.

32.     On or about December 5, 2023, PAHLAWAN conducted a ship-to-ship transfer by ordering his crew to transfer the cargo from his dhow onto another dhow while the dhow was off the coast of Somalia.

33.     On or about December 25, 2023, Iranian authorities arrested Pahlawan and his crew upon their return to Iran.  SHAHAB went to the prison where PAHLAWAN and the crew were detained and facilitated their release.

34.     On or about January 3, 3024, YUNUS paid PAHLAWAN through hawala services approximately 800 million Iranian Rials.  Afterward, PAHLAWAN arranged for various hawaladars to distribute portions of the money to the families of members of his crew and to his own family.  PAHLAWAN then communicated with his family in Pakistan about purchasing property and building a new home.

35.     On or about January 3, 2024, YUNUS informed PAHLAWAN that materials were ready for PAHLAWAN.

36.     On or about January 5, 2024, PAHLAWAN steered, or ordered that a crewmember steer the dhow from Konarak, Iran, to Chabahar Port, Iran.

37.     On or about January 5, 2024, PAHLAWAN met with SHAHAB and others and instructed the crew to load various packages, which included advanced conventional weaponry, such as a warhead, antiship cruise missile components, and ballistic missile components, from a truck in Chabahar Port, Iran into the net hold of the dhow.

38.     On or about January 5, 2024, PAHLAWAN left the area of Chabahar Bay, Iran on the dhow with the loaded advanced conventional weaponry.

39.     Between on or about January 5, 2024, and on or about January 11, 2024, PAHLAWAN operated the dhow without a flag indicating the dhow's country of origin.

40.     Between on or about January 5, 2024, and on or about January 11, 2024, PAHLAWAN steered, or ordered that a crewmember steer, the dhow south toward the coast of Somalia.

8

41.    Between on or about January 5, 2024, and on or about January 11, 2024, PAHLAWAN communicated with SHAHAB via satellite phone.

42.    On or about January 11, 2024, the Boarding Team interdicted PAHLAWAN's dhow.

43.    On or about January 11, 2024, while the Boarding Team approached the dhow, PAHLAWAN instructed the crew not to stop the dhow and to burn the dhow down.

44.    On or about January 11, 2024, during the interdiction by the Boarding Team, PAHLAWAN instructed the crewmembers not to identify him as the captain to the Boarding Team and instead to falsely identify him as the mechanic.

45.    On or about January 11, 2024, during the interdiction by the Boarding Team, PAHLAWAN instructed the crewmembers to lie about the cargo on the dhow to the Boarding Team.

46.    On or about January 11, 2024, during the interdiction by the Boarding Team, PAHLAWAN threatened a crewmember that PAHLAWAN would inculpate the crewmember if the crewmember told the Boarding Team about the cargo.

47.    On or about January 11, 2024, MAZHAR provided materially false statements to the Boarding Team about the captain of their dhow, falsely stating among other things that the captain had departed their dhow for another dhow while at sea and took with him all of their dhow's paperwork, when MAZHAR then knew that PAHLAWAN was, in fact, the captain of their dhow.

48.    On or about January 11, 2024, GHUFRAN provided materially false statements to the Boarding team about the captain of their dhow and the dhow's port of origin, falsely stating among other things that he did not know who served as the captain of their dhow and that their

9

dhow had departed from Pakistan, when GHUFRAN then knew that PAHLAWAN was, in fact, the captain of their dhow and that the dhow had departed from Iran.

49.     On or about January 11, 2024, IZHAR provided materially false statements to the Boarding Team about the captain of their dhow, falsely stating among other things that he did not know who served as their dhow's captain and was not aware that the dhow was transporting cargo, when IZHAR then knew that PAHLAWAN was, in fact, the captain of their dhow and that their dhow was, in fact, carrying cargo.

50.     On or about January 11, 2024, PAHLAWAN provided materially false statements to the Boarding Team about the captain of their dhow, reciting MAZHAR's false statement and falsely stating among other things that the captain had departed their dhow for another dhow while at sea and took with him all of their dhow's paperwork, when PAHLAWAN then knew that PAHLAWAN was, in fact, the captain of their dhow.

51.     On or about January 11, 2024, the Boarding Team discovered and seized Iranian-made advanced conventional weaponry packaged and hidden in the net hold and other areas of PAHLAWAN's dhow.

10

 

52.     The advanced conventional weaponry included, generally: Pan, Tilt, Zoom (PTZ) high speed cameras, Noor missile guidance sections, Noor missile motors, a Noor missile warhead, Qiam-4 missile motor systems, missile sets, Qiam-4 motor assemblies, and radar antenna assemblies for missiles.



53.     For each of the smuggling voyages between October 2023 and January 2024, PAHLAWAN negotiated payments with SHAHAB and YUNUS, captained and crewed the vessel, and provided instructions to the crew, including when and how to load and offload the cargo and where to steer the dhow for ship-to-ship transfers for Iran and the IRGC.

## COUNT ONE

(Conspiring to Provide Material Support or Resources to Terrorists, Resulting in Death)

The General Allegations above are fully incorporated here by reference.

From in or about August 2023, and continuing thereafter, through in or about January 2024, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendants,

**MUHAMMAD PAHLAWAN,**

**SHAHAB MIR'KAZEI,**

**YUNUS MIR'KAZEI,**

and others known and unknown to the Grand Jury conspired to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), namely, personnel (including themselves) and services (including smuggling and transportation of lethal aid and other materials), knowing and intending that they were to be used in support of a weapons of mass destruction program of a foreign terrorist power, in violation of Title 18, United States Code, Section 832(a) (Participating in Nuclear and Weapons of Mass Destruction Threats to the United States), namely, the crimes charged in Counts Three and Four of this indictment, which description of each said crime is re-alleged and incorporated by reference as if set forth in full herein. **MUHAMMAD PAHLAWAN,** after committing this offense, was first brought to and found in the Eastern District of Virginia. **SHAHAB MIR'KAZEI** and **YUNUS MIR'KAZEI,** after committing this offense, will first be brought to and found in the Eastern District of Virginia. The deaths of C.C. and N.I., each a citizen of the United States, resulted from the commission of this offense.

(All in violation of Title 18, United States Code, Section 2339A).

13

## COUNT TWO

(Providing Material Support or Resources to Terrorists, Resulting in Death)

The General Allegations above are fully incorporated here by reference.

From in or about August 2023, and continuing thereafter, through in or about January 2024, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendants,

### MUHAMMAD PAHLAWAN,

### SHAHAB MIR'KAZEI, and

### YUNUS MIR'KAZEI,

provided and attempted to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), namely, personnel (including themselves) and services (including smuggling and transportation of lethal aid and other materials), knowing and intending that they were to be used in support of a weapons of mass destruction program of a foreign terrorist power, in violation of Title 18, United States Code, Section 832(a) (Participating in Nuclear and Weapons of Mass Destruction Threats to the United States), namely, the crimes charged in Counts Three and Four of this indictment, which description of each said crime is re-alleged and incorporated by reference as if set forth in full herein. **MUHAMMAD PAHLAWAN**, after committing this offense, was first brought to and found in the Eastern District of Virginia. **SHAHAB MIR'KAZEI** and **YUNUS MIR'KAZEI**, after committing this offense, will first be brought to and found in the Eastern District of Virginia. The deaths of C.C. and N.I., each a citizen of the United States, resulted from the commission of this offense.

(All in violation of Title 18, United States Code, Sections 2, 2339A).

14

## COUNT THREE

(Participating in Nuclear and Weapons of Mass Destruction Threats to the United States)

The General Allegations above are fully incorporated here by reference.

From in or about August 2023, and continuing thereafter, through in or about January 2024, subject to the jurisdiction of the United States, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendants,

**MUHAMMAD PAHLAWAN,**

**SHAHAB MIR'KAZEI,** and

**YUNUS MIR'KAZEI,**

knowingly provided and attempted to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), namely, personnel (including themselves) and services (including smuggling and transportation of lethal aid), to, and willfully participated in, a weapons of mass destruction program, as defined under Title 18, United States Code, Sections 832(d)(2), 2332a(c), of a foreign terrorist power, as defined under Title 18, United States Code, Section 832(d)(3), namely, Iran. **MUHAMMAD PAHLAWAN,** after committing this offense, was first brought to and found in the Eastern District of Virginia. **SHAHAB MIR'KAZEI** and **YUNUS MIR'KAZEI,** after committing this offense, will first be brought to and found in the Eastern District of Virginia.

(In violation of Title 18, United States Code, Sections 2, 832(a), (b)).

15

## COUNT FOUR

(Participating in Nuclear and Weapons of Mass Destruction Threats to the United States)

The General Allegations above are fully incorporated here by reference.

From in or about August 2023, and continuing thereafter, through in or about January 2024, subject to the jurisdiction of the United States, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendants,

**MUHAMMAD PAHLAWAN,**

**SHAHAB MIR'KAZEI**, and

**YUNUS MIR'KAZEI,**

knowingly provided and attempted to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), namely, personnel (including themselves) and services (including smuggling and transportation of lethal aid), to, and willfully participated in, a weapons of mass destruction program, as defined under Title 18, United States Code, Sections 832(d)(2), 2332a(c), of a foreign terrorist power, as defined under Title 18, United States Code, Section 832(d)(3), namely, the Islamic Revolutionary Guard Corps. **MUHAMMAD PAHLAWAN**, after committing this offense, was first brought to and found in the Eastern District of Virginia. **SHAHAB MIR'KAZEI** and **YUNUS MIR'KAZEI**, after committing this offense, will first be brought to and found in the Eastern District of Virginia.

(In violation of Title 18, United States Code, Sections 2, 832(a), (b)).

16

## COUNT FIVE
(Conspiring to Commit Violence Against Maritime Navigation and Maritime Transport Involving Weapons of Mass Destruction, Resulting in Death)

The General Allegations above are fully incorporated here by reference.

From in or about August 2023, and continuing thereafter, through in or about January 2024, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendants,

**MUHAMMAD PAHLAWAN,**

**SHAHAB MIR'KAZEI,**

**YUNUS MIR'KAZEI,**

and others known and unknown to the Grand Jury, intentionally and unlawfully conspired to transport on board a ship an explosive material, knowing that it was intended to be used to cause, or in a threat to cause, death to any person or serious injury or damage for the purpose of intimidating a population, or compelling a government or an international organization to do or to abstain from doing any act. **MUHAMMAD PAHLAWAN,** after committing this offense, was first brought to and found in the Eastern District of Virginia. **SHAHAB MIR'KAZEI** and **YUNUS MIR'KAZEI,** after committing this offense, will first be brought to and found in the Eastern District of Virginia. The deaths of C.C. and N.I., each a citizen of the United States, resulted from the commission of this offense.

(In violation of Title 18, United States Code, Sections 2280a(a)(1)(B)(i), (b)(1)(B), and (b)(1)(C)).

## COUNT SIX
(Committing Violence Against Maritime Navigation and Maritime Transport Involving Weapons of Mass Destruction, Resulting in Death)

The General Allegations above are fully incorporated here by reference.

From in or about August of 2023, and continuing thereafter, up to and including in or about January 2024, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendant **MUHAMMAD PAHLAWAN** intentionally and unlawfully transported and attempted to transport on board a ship an explosive material, knowing that it was intended to be used to cause, or in a threat to cause, death to any person or serious injury or damage for the purpose of intimidating a population, or compelling a government or an international organization to do or to abstain from doing any act.   **MUHAMMAD PAHLAWAN**, after committing this offense, was first brought to and found in the Eastern District of Virginia.  The deaths of C.C. and N.I., each a citizen of the United States, resulted from the commission of this offense.

(In violation of Title 18, United States Code, Sections 2, 2280a(a)(1)(B)(i), (b)(1)(B), and (b)(1)(C)).

18

## COUNT SEVEN
(Witness Tampering Through Intimidation or Threat)

The General Allegations above are fully incorporated here by reference.

On or about January 11, 2024, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendant **MUHAMMAD PAHLAWAN**, who, after committing this offense was first brought to the Eastern District of Virginia, knowingly used intimidation, threatened, and corruptly persuaded another person, or attempted to do so, and engaged in misleading conduct toward another person, namely, Witness One, a dhow crewmember, with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a Federal offense.

(In violation of Title 18, United States Code, Section 1512(b)(3), (h)).

## COUNT EIGHT
(Providing Materially False Information to a Federal Law Enforcement Officer During a
Boarding of a Vessel)

The General Allegations above are fully incorporated here by reference.

From on or about January 11, 2024, and continuing through on or about January 13, 2024, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendant **MUHAMMAD PAHLAWAN**, who after committing this offense was first brought to the Eastern District of Virginia, knowingly provided materially false information to a Federal law enforcement officer during a boarding of a vessel regarding the vessel's destination, origin, ownership, registration, nationality, cargo, or crew—to wit, **MUHAMMAD PAHLAWAN** knowingly provided materially false statements regarding the identity of the vessel's captain—while on board a vessel subject to the jurisdiction of the United States.

(In violation of Title 18 United States Code, Section 2237(a)(2)(B)).

## COUNT NINE
(Providing Materially False Information to a Federal Law Enforcement Officer During a
Boarding of a Vessel)

From on or about January 11, 2024, and continuing through on or about January 13, 2024, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendant **MAZHAR MOHAMMAD**, who after committing this offense was first brought to the Eastern District of Virginia, knowingly provided materially false information to a Federal law enforcement officer during a boarding of a vessel regarding the vessel's destination, origin, ownership, registration, nationality, cargo, or crew—to wit, **MAZHAR MOHAMMAD** knowingly provided materially false statements regarding the identity of the vessel's captain—while on board a vessel subject to the jurisdiction of the United States.

(In violation of Title 18 United States Code, Section 2237(a)(2)(B)).

## COUNT TEN
(Providing Materially False Information to a Federal Law Enforcement Officer During a
Boarding of a Vessel)

From on or about January 11, 2024, and continuing through on or about January 13, 2024, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendant **GHUFRAN ULLAH**, who after committing this offense was first brought to the Eastern District of Virginia, knowingly provided materially false information to a Federal law enforcement officer during a boarding of a vessel regarding the vessel's destination, origin, ownership, registration, nationality, cargo, or crew— to wit, **GHUFRAN ULLAH** knowingly provided materially false statements regarding the identity of the vessel's captain—while on board a vessel subject to the jurisdiction of the United States.

(In violation of Title 18 United States Code, Section 2237(a)(2)(B)).

## COUNT ELEVEN
(Providing Materially False Information to a Federal Law Enforcement Officer During a
Boarding of a Vessel)

From on or about January 11, 2024, and continuing through on or about January 13, 2024, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendant **GHUFRAN ULLAH**, who after committing this offense was first brought to the Eastern District of Virginia, knowingly provided materially false information to a Federal law enforcement officer during a boarding of a vessel regarding the vessel's destination, origin, ownership, registration, nationality, cargo, or crew— to wit, **GHUFRAN ULLAH** knowingly provided materially false statements regarding the origin of the vessel's voyage—while on board a vessel subject to the jurisdiction of the United States.

(In violation of Title 18 United States Code, Section 2237(a)(2)(B)).

## COUNT TWELVE

(Providing Materially False Information to a Federal Law Enforcement Officer During a
Boarding of a Vessel)

From on or about January 11, 2024, and continuing through on or about January 13, 2024, in offenses committed outside of the jurisdiction of any particular State or district of the United States, the defendant **IZHAR MUHAMMAD**, who after committing this offense was first brought to the Eastern District of Virginia, knowingly provided materially false information to a Federal law enforcement officer during a boarding of a vessel regarding the vessel's destination, origin, ownership, registration, nationality, cargo, or crew—to wit, **IZHAR MUHAMMAD** knowingly provided materially false statements regarding the vessel's cargo—while on board a vessel subject to the jurisdiction of the United States.

(In violation of Title 18 United States Code, Section 2237(a)(2)(B)).

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

Defendants are hereby notified, pursuant to Federal Rule of Criminal Procedure 32.2(a), that upon conviction of any of the offenses set forth in Counts One, Two, Five, Six, and Seven of the Superseding Indictment, MUHAMMAD PAHLAWAN, SHAHAB MIR'KAZEI, and YUNUS MIR'KAZEI shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property real or personal, which constitutes or is derived from proceeds traceable to the offense.

Defendants are hereby notified, pursuant to Federal Rule of Criminal Procedure 32.2(a), that upon conviction of any of the offenses set forth in Counts One, Two, Three, Four, Five, and Six of the Superseding Indictment, MUHAMMAD PAHLAWAN, SHAHAB MIR'KAZEI, and YUNUS MIR'KAZEI shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), the following: (1) all assets of MUHAMMAD PAHLAWAN, SHAHAB MIR'KAZEI, or YUNUS MIR'KAZEI, foreign or domestic; (2) all assets of MUHAMMAD PAHLAWAN, SHAHAB MIR'KAZEI, or YUNUS MIR'KAZEI acquired or maintained with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism; and (3) all assets of MUHAMMAD PAHLAWAN, SHAHAB MIR'KAZEI, or YUNUS MIR'KAZEI derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism.

Pursuant to 21 U.S.C. § 853(p), MUHAMMAD PAHLAWAN, SHAHAB MIR'KAZEI, and YUNUS MIR'KAZEI shall forfeit substitute property, if, by any act or omission of MUHAMMAD PAHLAWAN, SHAHAB MIR'KAZEI, or YUNUS MIR'KAZEI, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been

substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 981(a)(1)(G); Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853; and Rule 32.2(a) of the Federal Rules of Criminal Procedure)

A TRUE BILL:

JESSICA D. ABER
UNITED STATES ATTORNEY

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

By: _____
Troy A. Edwards, Jr.
Gavin R. Tisdale
Assistant United States Attorneys

MATTHEW G. OLSEN
UNITED STATES ASSISTANT ATTORNEY GENERAL
National Security Division
Lesley Woods
Trial Attorney, Counterterrorism Section